[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came on to be decided by the Court by virtue of an agreed statement of facts submitted by counsel and the memoranda of law submitted by both parties in support of their respective positions consistent with Rule 80 of the Superior Court Rules of Civil Procedure. As the Reporter's Notes to Rule 80 suggests, Rule 80 is designed to implement the judicial review provision of the Administrative Procedure Act.
Judicial review of an agency determination is limited to questions of law. The Court does not weigh evidence or findings of fact but merely reviews them to see whether such evidence or findings support the agency's decision.
Here, the relatively brief history and findings submitted by the parties would compel the conclusion the petitioner has not sustained his burden. Hearings were held with the petitioner being represented by counsel and the Personnel Board of the City of Pawtucket denied his request to be reinstated. Petitioner claims, according to his memorandum received March 9, 1992 that the "refusal was based on his refusal to support the city administration at election time." There was no evidence presented to the agency nor were findings made to address that complaint.
In addition, before it can be determined that the petitioner was eligible to perform light duty, such decision had to be made by the member's physician and the City physician. (See Agreement, p. 21) Nothing in the record makes reference to such condition of employment being followed. Based on the limited information submitted, the Court is compelled to find the petitioner has failed to sustain his burden and consequently the decision of the City of Pawtucket is affirmed.